# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2021

Lyle W. Cayce
Clerk

No. 19-60137
Summary Calendar

Lurvin Modesto Perdomo Rivera; Nelsy Janelly
Hernandez Perdomo,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 546 201
BIA No. A208 546 202

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Lurvin Modesta Perdomo-Rivera is a native and citizen of Honduras who filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), designating Nelsy Janelly

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60137

Hernandez-Perdomo, her daughter, as a derivative beneficiary.[1]  The application sought relief based on membership in a particular social group defined as either "widows of police officers in Honduras" or "immediate family members of Jose Nelson Hernandez."[2] An immigration judge (IJ) denied relief, and the Board of Immigration Appeals (BIA) dismissed Perdomo-Rivera's ensuing appeal, a decision she petitions this court to review.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).  Whether an alien has demonstrated eligibility for asylum, withholding of removal, or CAT relief is a factual determination reviewed for substantial evidence.  *See* 8 U.S.C. § 1252(b)(4)(B); *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  Under the substantial evidence standard, this court may not overturn a factual finding unless the evidence compels a contrary result. *Zhang v. Gonzalez*, 432 F.3d 339, 344 (5th Cir. 2005).

Substantial evidence supports the BIA's decision that Perdomo-Rivera failed to show that she suffered past persecution or that she had a reasonable, well-founded fear of future persecution.  She bases her claim of past persecution on the cumulative harms she suffered in Honduras.  First, Perdomo-Rivera points to the murder of her husband.  Although this kind of harm can constitute persecution, the persecutor must inflict it intending to target the asylum applicant, *see Kane v. Holder*, 581 F.3d 231, 239 (5th Cir. 2009), and Perdomo-Rivera provided no evidence that her husband's murder

---

[1] Because Perdomo-Rivera is the lead petitioner and her child's claim for immigration relief is derivative of her claim, we will hereinafter refer only to Perdomo-Rivera unless otherwise specified.

[2] Jose Nelson Hernandez is Perdomo-Rivera's husband and Hernandez-Perdomo's father.

was aimed at injuring her.  Second, Rivera points to the presence of several trucks, without licenses plates, lingering at her husband's funeral, following her, and parking in front of her home.  But Perdomo-Rivera also testified that the individuals in these trucks never verbally threatened nor physically harmed her.  The record does not compel the conclusion that Perdomo-Rivera suffered persecution.  *See Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020).

As for fear of future persecution, Perdomo-Rivera theorizes that, if she returns to Honduras she will continue to be persecuted at the hands of her husband's murderers.  She does not point to anything in the record, however, indicating that she will be harmed beyond the generalized harassment she previously experienced in Honduras.  Accordingly, the BIA's decision that Rivera failed to establish a well-founded fear of future persecution was supported by substantial evidence.  *See Zhang*, 432 F.3d at 344.

Given that Perdomo-Rivera fails to satisfy the less-stringent asylum standard, she cannot meet the standard for withholding of removal.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).  Perdomo-Rivera has likewise not shown that the record compels a conclusion it is more likely than not she will be tortured if returned to Honduras.  *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).  Consequently, her CAT claim is unavailing.  *See id.*  Her failure to establish eligibility for asylum, withholding of removal, and CAT relief necessarily defeats her child's claim for immigration relief, which is derivative of her claim.

Based on the foregoing, the petition for review is DENIED.